**Roger DAVIS, Plaintiff–Appellant,**

v.

**Teresa PADILLA, individually, Rita Stein, individually, Defendants–Appellees,**

and

**Surrogates Court of the State of New York, County of Nassau, John B. Riordan, in his individual and official capacity, Sally Donohoe, in her individual and official capacity, Various Others, now unknown who participated in this action, individually and in their official capacities, Defendants.**

No. 13–564–CV.

United States Court of Appeals, Second Circuit.

June 17, 2014.

Roger Davis, Woodmere, NY, for Appellant.

Present: ROSEMARY S. POOLER, PETER W. HALL, SUSAN L. CARNEY, Circuit Judges.

SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Roger Davis, appearing *pro se*, appeals from the January 10, 2013 judgment of the United States District Court for the Eastern District of New York (Bianco, *J.*) sua sponte dismissing his complaint. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Questions of subject matter jurisdiction are reviewed de novo. *Hoblock v. Albany Cnty. Bd. of Elections,* 422 F.3d 77, 83 (2d Cir.2005). Even assuming that the district court erred in concluding it lacked jurisdiction based on the *Rooker–Feldman* doctrine, it correctly determined that it lacked jurisdiction based on the probate exception to federal jurisdiction. *Lefkowitz v. Bank of New York,* 528 F.3d 102, 107 (2d Cir. 2007). "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Id.* at 105 (internal quotation marks omitted).

We have considered the remainder of Davis's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.